**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW MCGONIGLE and CHET MICHAEL WILSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MRS BPO, L.L.C.<br><br>Defendant. | Civil Case No.: 25-cv-15811<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Andrew McGonigle and Chet Michael Wilson ("Plaintiffs") bring this class action against MRS BPO, L.L.C. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express

consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as the Defendant resides in this District.

## Parties

7. Plaintiffs are natural persons.

8. Plaintiffs are, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a New Jersey limited liability company that resides in this District.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

11. Plaintiff Wilson is the regular user to his cellular telephone number—(541) XXX-9999.

12. Plaintiff Wilson received at least three pre-recorded calls from the Defendant on at least November 7, 12 and 14, 2025.

13. The Plaintiff Wilson's pre-recorded call came from at least (856) 372-5278.

14. A call to that number identifies the Defendant.

15. The pre-recorded message to Plaintiff Wilson came for an avatar that asked if he was Karen Bordes.

16. The Plaintiff said no and the robot then identified themselves with the Defendant calling about an important business matter.

17. The robot then again asked him to confirm he was Karen.

18. He again said no.

19. The Plaintiff asked the robot to speak to a supervisor and was told through hold music to go to MrsBPO.com.

20. Plaintiff McGonigle is the regular user to his cellular telephone number—(804) XXX-5410.

21. Plaintiff McGonigle received pre-recorded calls from the Defendant on June 3, 5 and 10, 2025.

22. Plaintiff McGonigle's calls were asking for Michael Nettles, who he does not know.

23. The pre-recorded message to Plaintiff McGonigle came for an avatar that asked if he was Michael Nettles.

24. The Plaintiff said no and the robot then identified themselves with the Defendant.

25. The robot then again asked him is he knew Michael Nettles.

26. He again said no and hung up the phone.

27. Defendant used an artificial or prerecorded voice in connection with the calls.

28. Each of these calls began with a pre-recorded message stating that the call was from a collection agency attempting to collect a debt.

29. Plaintiffs did not owe the alleged debt and were the wrong party.

30. The subject prerecorded voice messages were generic—*i.e.*, the messages sound robotic and contain no pauses or breaks in speech as is common in a normal live speech pattern.

31. Given the generic nature of the messages and the content of the messages, the messages Defendant delivered to telephone number (804) XXX-5410 were prerecorded in nature.

32. Plaintiffs are not, nor was, a customer of Defendant, nor do Plaintiffs have an account with Defendant.

33. Plaintiffs did not provide their telephone number to Defendant.

34. Plaintiffs did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, their telephone number.

35. Defendant placed the subject calls to telephone number voluntarily.

36. Defendant placed the subject calls to telephone numbers under its own free will.

37. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (804) XXX-5410 .

38. Plaintiffs suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into their life, and a private nuisance.

39. Plaintiffs found the artificial or prerecorded voice message and Defendant's calls to be irritating and invasive.

40. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

41. Plaintiffs bring this action under Federal Rule of Civil Procedure 23 on behalf of the following class ("the Class"):

> All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

42. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

43. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

44. The exact number of the members of the Class are unknown to Plaintiffs at this time, and can be determined only through appropriate discovery.

45. The members of the Class are ascertainable because they are defined by reference to objective criteria.

46. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

47. Plaintiffs' claims are typical of the claims of the members of the Class.

48. As it did for all members of the Class, Defendant placed calls to Plaintiffs' cellular telephone number in connection with which it used an artificial or prerecorded voice.

49. Plaintiffs' claims, and the claims of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant.

50. Plaintiffs' claims are based on the same theories as the claims of the members of

the Class.

51. Plaintiffs suffered the same injuries as the members of the Class.

52. Plaintiffs will fairly and adequately protect the interests of the members of the Class.

53. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

54. Plaintiffs will vigorously pursue the claims of the members of the Class.

55. Plaintiffs has retained counsel experienced and competent in class action litigation.

56. Plaintiffs' counsel will vigorously pursue this matter.

57. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the class and subclass.

58. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

59. Issues of law and fact common to all members of the Class are:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d. Defendant's use of an artificial or prerecorded voice; and

e. The availability of statutory penalties.

60. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

61. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

62. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

63. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

64. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

65. The damages suffered by individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

66. The pursuit of Plaintiffs' claims, and the claims of the members of the Class in one forum will achieve efficiency and promote judicial economy.

67. There will be little difficulty in the management of this action as a class action.

68. Defendant has acted or refused to act on grounds generally applicable to the members of the Class making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

69. Plaintiffs repeat and re-alleges each and every factual allegation contained in paragraphs above.

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiffs' cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

71. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiffs' cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

72. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiffs' cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiffs and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiffs and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiffs and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiffs and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this February 27, 2026.

*Nicholas A. Moschella, Jr.*
Nicholas A. Moschella, Jr. (Bar No. 020742007)
278 Brick Blvd.
Brick Township, NJ 08723
Phone: (732) 451-2283
nam@moschellalaw.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiffs and the proposed class*